453 So.2d 693 (1984)
Barbara Marsh DENNEY (Berry)
v.
James W. DENNEY.
No. 54979.
Supreme Court of Mississippi.
July 25, 1984.
*694 James Ed Brown, Starkville, for appellant.
George McKee, Starkville, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
The Chancery Court of Webster County, Mississippi, W.W. Brand, Jr., Chancellor, denied appellant's petition for citation for contempt and denied appellant's petition to modify prior decree to grant unto appellant custody of her three minor children, but did modify the prior decree to change visitation. Appellant appeals this decision.
We affirm.
These parties were divorced on December 17, 1981, and by agreement appellee received the permanent care, custody and control of the three minor children of the parties. Appellant was awarded visitation on every weekend. Appellee was ordered to pay certain medical bills of the children. On March 12, 1982, appellant remarried and at the same time filed a petition to cite appellee for contempt of court for failure to reimburse her for certain medical payments and for denial of visitation privileges. Thereafter, appellant filed a petition to modify the prior decree seeking custody of the three children. The cases were tried together and at the conclusion of the hearing the chancellor found that the appellant had failed to sustain the burden of proof necessary to find the appellee in contempt of court and had failed to show a material change in circumstances adverse to the best interest of the children necessitating a change in custody. The chancellor further found, however, that the agreed upon visitation schedule was not in the best interest of the children and accordingly modified the scheduled visitation rights of the appellee.
Appellant presents two issues to be determined by this Court: (1) Did the chancellor commit manifest error and abuse his discretion by failing to find from the evidence a material change of circumstances which was materially and adversely affecting the children's welfare? and (2) Did the chancellor err and abuse his discretion in refusing to accept the undisputed expert testimony of Dr. James Lane, a clinical psychologist, and the reasonable inferences to be drawn therefrom, as proof of a material change of circumstances and substantial evidence of an adverse effect on the children's welfare?
Appellant is mistaken on both counts. In a well-reasoned opinion the chancellor carefully considered all of the evidence and properly applied the law to those facts. There was no error.
There was no material change in circumstances that adversely affect the children. Bowden v. Fayard, 355 So.2d 662 (Miss. 1978); Ballard v. Ballard, 434 So.2d 1357 (Miss. 1983). The best interest of the children dictated the action taken by the chancellor. Buntyn v. Smallwood, 412 So.2d 236 (Miss. 1982).
As stated in Cheek v. Ricker, 431 So.2d 1139 (Miss. 1983), the findings of fact of a chancellor will not be set aside unless manifestly wrong. Such is not the case here.
AFFIRMED.
*695 PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.