ROY NOBLE LEE, Presiding Justice, for the Court:
Cynthia Ann Robinson appeals from a judgment of the Chancery Court for the First Judicial District of Hinds County, Honorable Paul G. Alexander, presiding, modifying a child custody decree and granting permanent custody of the children to Benney Lee Robinson, their father. She has assigned three errors in the trial below, but we find it necessary to address only the following two such assignments:
(1) Did the lower court commit manifest error in granting appellee temporary custody of the minor children?
(2) Did the lower court commit error in modifying the original decree and changing custody of the minor children to ap-pellee?
Appellant was granted a divorce from appellee July 21, 1983, on the ground of habitual cruel and inhuman treatment and was given custody of three minor children of the parties, viz, William Lee Robinson, born November 25, 1976, Christina Marie *856 Robinson, born June 29, 1979, and Rebecca Ann Robinson, born August 25, 1983. Ap-pellee was granted reasonable visitation rights consisting of one month’s custody in the summer, alternating Thanksgiving and Christmas vacations, and alternate weekend visitation. He was required to pay child support in the sum of $200.00 per month. The decree provided that appellant keep appellee informed of her whereabouts.
On August 5, 1983, appellant moved to Bossier City, Louisiana, first residing at the Kickapoo Motel, next with friends at 620 McArthur Street, Bossier City, Louisiana, and then 2223 Nattin Street, Bossier City. In the meantime, appellee had moved to Hot Springs, Missouri, near where his parents resided. Appellant worked as a waitress for a while and then as a baby sitter for various people. She received Aid for Dependent Children benefits and other social services.
Appellee claimed that he did not know where to find appellant for exercise of the visitation rights provided in the decree and to make payments of the child support. He contacted his attorney in Jackson, Mississippi, and paid the support amounts to him for deposit in a trust fund.
In March, 1984, appellee, having obtained appellant’s address, went to Bossier City, Louisiana, for a visit with the children. Appellant offered no objection to his exercising visitation rights, and appellee returned them to Jackson, Mississippi. Immediately, on March 26, 1984, he filed an instrument entitled “Petition for Emergency Temporary Child Custody” in the Chancery Court of the First Judicial District of Hinds County. On the same date, without notice to appellant, the lower court entered an order granting the exclusive temporary custody of the children to appellee. On March 29, 1984, appellee filed a petition to modify the final decree of divorce, issue was joined thereon, and the lower court consolidated the petition for temporary child custody and the petition to modify final decree. After a hearing, the lower court modified the final divorce decree and granted the exclusive care, custody and control of the minor children to appellee with substantial visitation rights to the appellant.
We have examined the petition for emergency temporary child custody and affidavits supporting the same, and are of the opinion that it did not justify awarding the extraordinary relief provided for in Mississippi Code Annotated § 93-5-17 (1972), which essentially states that the chancellor in vacation may, upon reasonable notice, in urgent and necessitous cases, hear petitions for temporary alimony and temporary custody of children and make all proper orders and decrees thereon. There were no urgent and necessitous circumstances here, and no notice at all was given to the appellant, who permitted the appellee to have the children, consistent with the provisions of the original custody decree. The chancellor was manifestly wrong in entering such an emergency order.
Appellant contends that the lower court was manifestly wrong in modifying the original decree and granting custody of the children to appellee, even though substantial visitation rights were granted to appellant: We agree with that contention. The chancellor made the following findings in his opinion:
The one thing I want to point out is the last sentence on the first page of the Final Decree of Divorce which we have been over and been over and it says: “Plaintiff, that is Mrs. Robinson, shall at all times make Defendant aware of the minor children’s address and telephone number.” She has failed to do that from the beginning up until recently. She says he could have found out. It doesn’t say that he will be able to find out. It says that she will keep him informed.
In connection with the order granting Mr. Robinson temporary custody the motion might not have been as full as it could have been but all of the evidence indicates that at that time, at the time of the entry of the decree, that is on March 26th — I don’t see a copy of the order in *857 the court file — but in any event the Court had every reason to believe that Cynthia Ann Robinson was then living with a
man other than her own husband.
* * # * ⅜! *
We have here a situation where we have a man who has had some mental problems in the past but as far as we know is one hundred percent recovered at this time. We have a man who has a very good job. I believe Chrysler Corporation is going to make it now. If they do make it for the next seven years it would indicate that he has a job. On the other hand we have Cynthia Ann Robinson, the mother of the children, who is unemployed, no home except a HUD home which is rent supplemented by over $300 a month; who is unemployed except for babysitting; who lives by what she gets from the Welfare Department and who apparently doesn’t have any prospects for finding employment.
Insofar as Mr. Robinson’s present home, in the Court’s opinion it is not adequate for a man and his wife and five children but he says he plans to add on to it. They have been living in it and four girls in one room might not be the happiest situation in the world but with bunk beds I believe they could make it. They have been making it. The room where the little boy stays may be cluttered and crowded but he seems to be getting along all right there.
I am going to leave the children with Mr. Robinson. Nothing is a permanent situation as we all know.
The record reflects that appellant attempted to call appellee a number of times and inform him of her address, without success. On the other hand, appellee knew the whereabouts of appellant’s parents and easily could have located her with information supplied by them. There is an indication in the record that appellant had an infrequent association with a male person, but nothing to the detriment or harm of the children. On the other hand, appellee lived with a female in his household for some months, but was married to her when he removed the children from Jackson to Missouri.
The fact that appellant received aid for dependent children, social services from the Federal and State programs, including housing, did not disqualify her from having the custody of her children and does not constitute a material change which adversely affects the children. If that were true, thousands of children would be taken from one or the other parent. We are of the opinion that appellee failed to meet the burden imposed under Bowden v. Fayard, 355 So.2d 662 (Miss.1978), and many cases following that decision. Smith v. Todd, 464 So.2d 1155 (Miss.1985); Tucker v. Tucker, 453 So.2d 1294 (Miss.1984); Den-ney v. Denney, 453 So.2d 693 (Miss.1984); Kavanaugh v. Carraway, 435 So.2d 697 (Miss.1983); Ballard v. Ballard, 434 So.2d 1357 (Miss.1983); Cheek v. Ricker, 431 So.2d 1139 (Miss.1983).
The lower court was manifestly wrong in modifying the original decree and the judgment of the court is reversed and judgment is rendered here for appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
DAN M. LEE, J., dissents.