562 So.2d 97 (1990)
Marilyn J. Conwill ARNOLD
v.
Robert F. CONWILL.
No. 89-CA-0388.
Supreme Court of Mississippi.
May 9, 1990.
Thomas A. Wicker, Holland Ray & Upchurch, Tupelo, for appellant.
Ed W. Jenkins, Comer & Jenkins, Booneville, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and PITTMAN, JJ.
*98 ROY NOBLE LEE, Chief Justice, for the Court.
Marilyn J. Conwill Arnold has appealed from a decree of the Chancery Court of Prentiss County, Honorable James L. Roberts, Jr. presiding, modifying a decree of divorce between Marilyn Conwill and Robert F. Conwill, which granted custody of three year old Jonathan Conwill, child of the parties, to the mother. The Chancellor modified the decree and granted custody to the father and Marilyn J. Conwill Arnold has appealed to this court, assigning the following three errors in the trial below:
1. WHETHER OR NOT THE CHANCELLOR MAY ENTER AN ORDER MODIFYING CUSTODY ABSENT A SHOWING OF A MATERIAL CHANGE IN CIRCUMSTANCES ADVERSELY AFFECTING THE WELFARE OF THE PARTIES' MINOR CHILDREN.
2. WHETHER OR NOT THE CHANCELLOR, IN ENTERING AN ORDER MODIFYING CHILD CUSTODY, MAY UTILIZE A STANDARD BASED UPON A FINDING THAT A MATERIAL CHANGE IN CIRCUMSTANCES HAS OCCURRED, AND THAT THE COURT FINDS MODIFICATION TO BE IN THE BEST INTEREST OF A CHILD, EVEN ABSENT EVIDENCE OF ANY ADVERSE IMPACT.
3. WHETHER OR NOT THE CHANCELLOR ERRED IN ENTERING AN ORDER MODIFYING CHILD CUSTODY IN THIS CASE.

FACTS
The appellant was divorced from appellee June 29, 1987. Two children were born of the marriage, i.e., Nicole, a girl age 10, and Jonathan, a boy age 3. Appellee was not represented by an attorney, but a separation agreement was entered into between the parties. Although it was not incorporated into the decree, the agreement provided that appellant would have custody of Jonathan and the appellee custody of Nicole. Both parents had liberal visitation rights with the children. The decree of divorce closely followed the provision with reference to custody and visitation rights with the children.
While the parties were living together as man and wife, they resided in a house owned by the paternal grandparents not far from their home. Nicole was extremely close to her paternal grandmother.
Appellant married Marc Arnold in July, 1987, and they moved in the home with her new husband's grandmother where they stayed for about a month. They then moved to the home of Marc's parents where they stayed for approximately two weeks and in August they moved into a trailer owned by Marc's aunt where they stayed for approximately two weeks. Appellant was not working during this period. Because of the unsettled situation with reference to their living quarters and her unemployment, appellant contacted appellee and requested that he keep Jonathan until her new family life got into a more settled and stable condition. This arrangement was worked out and liberal visitation was had by appellant with the children. No disagreement of any consequence arose.
Appellee remarried in August, 1987, and he continued to live in his parent's house with his new wife and the two children. The wife had a son by another marriage, Jed, who was ten months younger than Jonathan. He lived with, and became a member of appellee's family. The parties agreed that Jonathan might start kindergarten where appellee lived and finish the kindergarten year there.
As time passed, appellant's situation stabilized. She and her husband had acquired, and were living in a three bedroom home. Appellant was working and earning a fair income and she was well able to look after and care for Jonathan.
After eighteen months elapsed since appellant requested appellee to keep Jonathan and after her attempts to regain custody of Jonathan failed, appellant consulted with an attorney who advised her that she had the right to pick up Jonathan and take him with her, since the courts had granted her permanent custody. Acting on that advice, she removed Jonathan from Baldwyn school, where his father had *99 placed him, and enrolled him in Tupelo school. She also resumed full time custody of the child. As a result, appellee instituted this proceeding for custody of Jonathan.

LAW
The three assigned errors will be consolidated into one issue for this discussion, i.e., whether or not the lower court erred in granting the modification changing custody of Jonathan to appellee, keeping in mind the standard of review and law governing modification of child custody.
This question, which confronts the court is encountered frequently in domestic relations. The law on this question has been stated and restated numerous times. Yet it continues to appear. In Pace v. Owens, 511 So.2d 489, 490 (Miss. 1987), the Court again stated two prerequisites to modifying child custody decrees:
First, the moving party must prove by a preponderance of the evidence that, since entry of the judgment or decree sought to be modified, there has been a material change in circumstances which adversely affects the welfare of the child. Second, if such an adverse change has been shown, the moving party must show by like evidence that the best interest of the child requires the change of custody.
Pace v. Owens, 511 So.2d 489, 490 (Miss. 1987) (citations omitted).
In Rutledge v. Rutledge, 487 So.2d 218, 219 (Miss. 1986), the court said:
It is the established rule in Mississippi that before any divorce decree can be modified to effect a change in child custody, the chancellor must find that there has been a substantial change in circumstances and that this change has had an adverse effect upon the child in question.
Rutledge v. Rutledge, 487 So.2d 218, 219 (Miss. 1986). See also Spain v. Holland, 483 So.2d 318, 320 (Miss. 1986) and digest cases.
We now apply the law to the present case.
Appellee filed a motion for modification of the former custody decree. After charging certain facts, he alleged "there has been a substantial and material change in the circumstances which justifies the court in changing the custody of Jonathan Conwill from the defendant to the plaintiff, Robert F. Conwill ..." He further charged:
Because the minor child has been with the Plaintiff since September 1987, and he has continuously provided the care of said minor child this constitutes a material change in circumstances that justifies this Court in modifying the Decree of June 29, 1987.
The Plaintiff alleges that it is not in the minor child's best interest that he remain in the presence of his mother and would show the child's best interest would be served by remaining with his father Robert E. Conwill.
The lower court recognized what the law requires and stated that the difficulty in the present case is in the application of the law to the facts. He said:
The most difficult question to answer is whether or not the change adversely impacted or affected the child's welfare.
The child's welfare was impacted or affected when the mother, for whatever the reason, decided and determined to leave the child with the father some sixteen (16) months ago. If you consider that his welfare was best served living with his mother, then something happened sixteen (16) months ago to cause the parties to agree that the child live with his father.
The proof puts this Court in the posture of having to decide custody placement on that which is in the best interest of the child.
In his opinion, the chancellor relies inversely upon the rule for modification of a child custody decree. For instance, he stated that the divorce is not an issue; that the child has already been adversely affected in that sense; and that the child is not going to be able to live with both natural parents in a family unit but that he has lived with his father for the last sixteen months in a family unit. Without question, the chancellor was looking toward what he *100 considered to be in the best interest of Jonathan. He attempted to apply the law for the best interest of the child.
The courts do not favor separating siblings when their parents divorce. The parents here agreed upon the separation of the children. Presumably, because of Jonathan's age, his custody was awarded to the mother. To her credit, when she fell upon hard times, appellant called the child's father for help. The custody was temporarily interrupted because of conditions over which she had no control. When she stabilized that situation, she asked appellee to restore custody to her and he declined. The parties' act, in temporarily modifying the decree, was not binding upon the court. The only change in circumstances, upon which appellee can rely, and which the court accepted, was the fact the father had custody for sixteen months while the appellant, mother, had liberal visitation with the child.
Simply, the facts of this case do not reflect a material change in the circumstances of the parties and the child, which adversely affected Jonathan, to the extent that his custody should be changed from appellant to appellee. Neither did the motion so charge nor the chancellor so find. We recognize that in some cases and under some circumstances, which we do not find here, there may be exceptions to this hard and difficult rule.
The chancellor erred in modifying the custody decree and the judgment of the lower court is reversed and judgment is rendered here denying the modification as prayed for by the appellee.
REVERSED and RENDERED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.