622 So.2d 1256 (1993)
Donald L. FRANKLIN
v.
Linda M. (Alexander) Franklin KROUSH.
No. 92-CA-320.
Supreme Court of Mississippi.
August 19, 1993.
*1257 Leigh A. Rutherford, Smith Phillips Mitchell & Wilroy, Hernando, for appellant.
Linda Franklin Kroush, pro se.
Before PRATHER, P.J., and SULLIVAN and ROBERTS, JJ.
SULLIVAN, Justice, for the court:
Linda Alexander Kroush and Donald Franklin were divorced on September 13, 1990. Linda Kroush was granted physical custody of their two minor daughters, Christy, then 11 years of age, and Kimberly, then 9 years of age. Donald petitioned for modification of child custody eleven (11) weeks after the divorce.
At that hearing both Donald and Linda testified in open court and both children were interviewed in chambers by the chancellor. At the conclusion of the hearing, the chancellor found no material change in circumstances since the rendition of the decree of divorce on September 13, 1990, which adversely affected the best interest of the children or made it necessary to alter the custody of the children at that time.
On appeal Donald concedes that the chancellor was not manifestly wrong in declining to change the custody of Christy. The only issue concerns the custody of Kimberly, who expressed a desire to live with her biological father.
At best, the record reflects an incompatability between Kimberly and her mother that had existed between the two long before the divorce. This friction was enhanced by the divorce and Linda's remarriage. None of the circumstances testified about by Donald constitute the type of abuse and neglect falling within the contours of our definition of "material adverse change." The allegations viewed within the totality context fail to demonstrate by a preponderance of the evidence a material change in circumstances adversely affecting Kimberly's health, whether physical, mental, emotional or spiritual.
The bottom line is that Donald failed to demonstrate by a preponderance of the evidence a material change in after-arising circumstances adversely affecting the welfare of the child, Kimberly. Westbrook v. Oglesbee, 606 So.2d 1142, 1144 (Miss. 1992).
Furthermore, "[t]he courts do not favor separating siblings when their parents divorce." Arnold v. Conwill, 562 So.2d 97, 100 (Miss. 1990).
The chancellor was fully cognizant of his responsibilities in cases of this nature, and did in fact grant alternate relief modifying the visitation rights.
On this record, we cannot say that the chancellor was manifestly wrong in denying Donald's petition for modification to change child custody and the chancellor's judgment is affirmed.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.