739 So.2d 440 (1999)
Michael D. CLARK, Appellant,
v.
Sherry Jo Burrill CLARK, Appellee.
No. 97-CA-01553-COA.
Court of Appeals of Mississippi.
April 20, 1999.
*441 Walter W. Teel, Jackson, Attorney for Appellant.
John Carlton Dawson, Jr., Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Michael D. Clark appeals from the order of the Harrison County Chancery Court refusing to modify custody of his minor child. The appellee, Sherry Jo Burrill Clark, failed to file a brief. Nevertheless, we find no error and affirm the chancellor's decision.

FACTS
¶ 2. Michael D. Clark and Sherry Jo Burrill Clark were married on September 21, 1990. On March 16, 1992, Felisha Marie Clark was born to the couple. The parties separated on January 21, 1994. A final order of divorce on the grounds of irreconcilable differences was subsequently entered by the chancellor on July 31, 1995. Mrs. Clark received primary physical custody and Mr. Clark was granted reasonable visitation rights. The parents were granted joint legal custody of the child. Child support of $255 per month was to be paid, except for the months of June, July, and August, in which the father Michael was to have custody.
¶ 3. On February 26, 1997, Mrs. Clark filed a motion for modification, contempt, and for temporary relief. She alleged that Michael was in arrears on child support in the amount of $2,682.50. She requested that visitation rights be suspended because their child allegedly suffered emotional and other developmental problems after every visit with the father. She wanted the child examined by a psychologist, but *442 she could not afford to do so, and Mr. Clark had not yet provided the medical insurance policy on the child that was required in the initial divorce decree. On February 28, 1997, the chancellor granted an ex parte order suspending visitation until Mr. Clark provides the medical insurance.
¶ 4. On March 17, 1997, Sherry Jo filed an amended motion, alleging additional child support delinquency as well as renewing the other allegations that had been in the February motion. She also asked that Mr. Clark's visitation be suspended until the child was examined by a child psychologist. On May 23, 1997, Mr. Clark responded saying that his former wife had refused to allow him "normal phone contact with the minor child," and had failed to protect the child from an abusive boyfriend. He requested to be given primary custody of the child. He also alleged that the ex parte order suspending visitation violated due process and that visitation should be restored, pending the change in custody that he requested.
¶ 5. An evidentiary hearing was held on July 24, 1997, and a decision was announced from the bench. The written order was entered on November 10, 1997. The chancellor left primary custody with Mrs. Clark, required past-due child support to be paid, held neither side to be in contempt, and reinstated, but modified, visitation. Mr. Clark has appealed.

DISCUSSION
¶ 6. Mrs. Clark filed no brief in this appeal. The failure of an appellee to respond to the issues of the appellant is often called a confession of the errors that are raised. Barber v. Barber, 608 So.2d 1338, 1340 (Miss.1992). Nonetheless, in all cases the appellate court is required to examine the record and determine whether it is clear that no error occurred. This is all the more important in domestic cases that raise issues regarding children. The failure of adults to follow court procedures should, to the extent allowable, not cause harm to minors who are inextricably connected with their parents' dispute. Thus "a special effort to review the record" must be made in an appeal such as this. Id. We undertake that review as we analyze the appellant's issues.

1. Ex parte order suspending visitation

¶ 7. Mr. Clark alleges that the chancery court erred when it granted an ex parte order suspending his visitation rights with his child. Halting a parent's visitation, without notice and without an opportunity to be heard, is a significant act by a chancellor. However, the case has proceeded well beyond that stage and visitation has been restored. The supreme court has held that "review by appellate courts of immaterial, unnecessary, or moot questions will not ordinarily be considered," and we find that rule applicable here. Insured Sav. and Loan Assoc. v. State, ex rel. Patterson, 242 Miss. 547, 556, 135 So.2d 703, 707 (1961). The question is moot.

2. Custody

¶ 8. Mr. Clark continues to seek primary physical custody. A chancellor's findings regarding custody and the best interest of the child will not be disturbed on appeal unless there was manifest error or an erroneous legal standard was applied. Williams v. Williams, 656 So.2d 325, 330 (Miss.1995). The chancellor reviewed on the record the factors for assessing the custody issue. Albright v. Albright, 437 So.2d 1003, 1004 (Miss.1983). Though each parent was found to be fit and eligible to have custody, the chancellor on balance determined that Mrs. Clark should have primary custody of their daughter. We find that the decision was within the chancellor's discretion.
¶ 9. Just as importantly, the question before the chancellor was not an original custody decision, but a modification being analyzed two years after the divorce.

*443 Once custody of a child has been awarded to one parent a decree for child custody should not be changed from one parent to the other unless subsequent to the original decree there has been a material change in circumstances and then only after findings based on substantial evidence that such change of circumstances materially affects the children's welfare adversely.
Smith v. Todd, 464 So.2d 1155, 1157 (Miss. 1985). There was no manifest error on the part of the chancellor in failing to find a material change of circumstances adverse to the interests of the child.
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.