776 So.2d 691 (2000)
Eleridge E. McCRACKING, Jr., Appellant,
v.
Vivian McCRACKING (Brown), Appellee.
No. 1999-CA-00238-COA.
Court of Appeals of Mississippi.
February 22, 2000.
*692 Andrew Edward Franz, Gulfport, Attorney for Appellant.
Mack A. Bethea, Gulfport, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND THOMAS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. The case now before the Court comes on appeal from a post-divorce proceeding in which Eleridge McCracking sought certain relief relating to the minor children of the parties. McCracking petitioned to change custody of the two children from his former wife to him, and he asked the chancellor to punish his former wife for her contemptuous disregard of orders relating to visitation and sharing of the children's medical expenses. Vivian McCracking (Brown) responded, denying Mr. McCracking's entitlement to any such relief, asking that child support be increased, and requesting that the chancellor afford her some protection from what she perceived as Mr. McCracking's continuous harassment of her and disparagement of her to the children.
¶ 2. The chancellor denied Mr. McCracking's request for change of custody, substantially increased his child support obligation, and modified the previous visitation schedule to eliminate a mid-week overnight visit with him by the younger child.
¶ 3. Mr. McCracking perfected this appeal from the chancellor's decision in which he purports to raise four issues that, in his view, warrant reversal. The issues are (a) that the chancellor erred in not granting a change of custody or, at a minimum, *693 substantially increased visitation to him because of the chancellor's misapplication of the "Albright" custody factors, (b) that Mr. McCracking's due process rights were violated by the chancellor's failure to properly apply the "Albright" factors to determine custody, the result being that the decision was against the weight of the evidence, (c) that the "Albright" factors and the "best interest of the child" standard are too vague, overbroad, and manipulable to form a proper basis for adjudicating custody questions, and (d) Mr. McCracking's Fourteenth Amendment right to due process was violated because he was denied an opportunity to review the proposed judgment prior to entry as required by Uniform Chancery Rule 5.04 and also because he "was not allowed to put on evidence in his case."
¶ 4. Rather than argue these issues separately, Mr. McCracking's brief consists of an unsubdivided argument that, in essence, advances the notion that the chancellor's decision was an abuse of discretion as being against the weight of the evidence. The brief, after the statement of the issues, makes no mention of the Fourteenth Amendment due process question arising out of his inability to review the proposed judgment prior to entry and does not factually support the proposition that he was denied an opportunity to fully develop his case by presenting evidence on the record. We, therefore, consider those matters to be abandoned. R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1023 (Miss.1990).
¶ 5. We find Mr. McCracking's argument that the chancellor abused his discretion when he refused to change custody of the two children from Mrs. Brown to Mr. McCracking to be singularly without merit. In order to change an existing custody order, the party seeking such change has the burden of showing that there has been a material change in the circumstances affecting the children, that the change is detrimental to the children's welfare, and that the best interest of the children would be advanced by shifting custody to a person other than the present custodial parent. Arnold v. Conwill, 562 So.2d 97, 99 (Miss.1990). Mr. McCracking's case consisted of allegations (a) that Mrs. Brown was leaving the younger child in the temporary care of the older daughter during the hours from school dismissal until Mrs. Brown arrived home from work and that the older daughter's boyfriend was occasionally in the home during that time, (b) that Mrs. Brown neglected the children while pursuing her own pleasurable existence as a frequenter of casinos and an abuser of alcohol, and (c) that Mrs. Brown's history of frequent marriages and resulting domestic instability was detrimental to the children's well-being.
¶ 6. The chancellor, while not totally comfortable with the presence of the older daughter's boyfriend in the home in an unchaperoned situation, nevertheless found the older daughter, who was fourteen years of age, was of sufficient maturity to properly care for her younger sister, age nine, during those afternoon intervals between school and the time Mrs. Brown arrived home from work. Mr. McCracking presented no evidence of any untoward event or improper occurrence at any time that the two children were home in their mother's absence. The chancellor considered the matter fully, as is evidenced by his well-thought-out opinion, and acted within the bounds of the discretion accorded him in reaching that decision. It is a decision beyond our authority to disturb under the limited abuse of discretion standard by which we review such determinations. Touchstone v. Touchstone, 682 So.2d 374, 377 (Miss.1996).
¶ 7. Mr. McCracking's allegations of neglectful behavior by Mrs. Brown in favor of a life devoted to gambling and alcohol, insofar as this record reveals, is without any arguable basis. Mrs. Brown admitted to enjoying an occasional evening of recreational gambling at a local casino and to the occasional use of alcohol. There was *694 no proof presented by Mr. McCracking to legitimately suggest that Mrs. Brown overindulged in either activity to the detriment of her own well-being or that of the children. Interestingly, Mr. McCracking himself admitted that he also consumed alcoholic beverages and from time to time visited a casino to engage in gambling activities. The chancellor was correct in concluding that Mrs. Brown had not developed any personal vices since the divorce that detrimentally affected the welfare of the children.
¶ 8. The record showed that Mrs. Brown had been married and divorced after her marriage to Mr. McCracking, but there was no evidence that this subsequent marriage or its eventual break-up had been detrimental to the physical or emotional well-being of the children.
¶ 9. Mr. McCracking's principal argument in his brief seems to be that, on balance, he is the better custodial parent because he can offer a more stable, controlled, and disciplined home life for his daughters than can Mrs. Brown. Unfortunately for Mr. McCracking, such considerations do not arise in a change of custody case until there has been a showing of a material change in circumstance detrimental to the children since the earlier custody award. Clark v. Clark, 739 So.2d 440 (¶ 8-9) (Miss.Ct.App.1999). Those considerations are certainly relevant in an initial custody award but, standing alone, cannot form the basis for a change of custody. In regard to changes of custody, the law gives some favor toward maintaining the status quo in the name of stability for the children involved. It does so by requiring something from the noncustodial parent other than convincing the chancellor that, given the opportunity, the noncustodial parent could do a better job with the children. That question, by the time a change of custody is proposed, has already been either litigated to conclusion or agreed upon by the parties and the law will not suffer the same issue to be tried again absent a demonstration that subsequent events have substantially altered the basis for the earlier custody determination.
¶ 10. We do not reach Mr. McCracking's various complaints with the criteria for determining custody set out in Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). In a custody modification proceeding, the question of which parent will better serve the welfare of the children as custodial parent is not reached unless the chancellor has previously found a material change in circumstance detrimental to the child's best interest. McGehee v. Upchurch, 733 So.2d 364, 369 (Miss. Ct.App.1999). Once such a change of circumstance has been found, the factors in Albright v. Albright ought to play a significant role in the chancellor's ultimate determination of a suitable custody arrangement. However, by failing to prove a change in circumstance detrimental to the children's best interests, Mr. McCracking's case fell short of the point where such issues could be considered by the chancellor.
¶ 11. Mr. McCracking threads through his argument in favor of his obtaining custody an alternate argument that, in all events, the chancellor abused his discretion in ending Mr. McCracking's mid-week overnight visit with the younger daughter. The chancellor found, after hearing evidence including reports from the guardian ad litem and a court appointed psychologist, that the younger child was suffering from some measure of stress and needed more stability in her life. The chancellor determined that the mid-week overnight visit for a child of the age of nine was disruptive and that the child's best interest would be served by adopting a more standard visitation schedule limited primarily to weekends. There was also evidence that this mid-week visitation had been the source of some conflict in the past when Mr. McCracking attempted to unilaterally change the night to accommodate his enrollment in a night class. The chancellor's discretion to amend visitation *695 schedules to advance the best interest of the children is broader than the discretion to change custody. The chancellor must only determine that there is an existing visitation schedule that is not presently working. Suess v. Suess, 718 So.2d 1126 (¶ 16) (Miss.Ct.App.1998). In this case, the chancellor's determination that the mid-week overnight visitation was detrimental to the emotional well-being of the younger child was supported by competent evidence. It should be obvious that a visitation schedule that adversely affects a child's emotional stability is one that is not working within the meaning of Suess. The elimination of the weekly visit on that basis is, in our view, a proper exercise of the chancellor's on-going supervision of visitation schedules and beyond our authority to disturb. Weigand v. Houghton, 730 So.2d 581 (¶ 27) (Miss.1999).
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.