LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. Tracy Graves and Michael Haden are the biological parents of K.H., who was born on May 18, 2005. The parties were never married. On February 15, 2008, an agreed order was entered in the Chancery Court of Lamar County giving primary physical custody of K.H. to Tracy. On October 13, 2008, Michael filed a motion for contempt against Tracy, alleging that she had denied him visitation rights. Michael also sought a modification of custody.
 

 ¶ 2. A hearing was held on the modification issue. On June 8, 2009, the chancellor reversed the previous custody order, and Michael was granted physical custody of K.H. Tracy was granted visitation rights and ordered to pay $175 per month in child support.
 

 ¶ 3. Tracy now appeals, asserting the following issues: (1) the chancellor erred in changing custody where there was no material change in circumstances adverse to the child and no showing of improved circumstances on the part of the non-custodial parent, and (2) the chancellor erroneously applied the
 
 Albright
 
 factors. Finding no error, we affirm the chancellor’s judgment.
 

 FACTS
 

 ¶4. Tracy gave birth to K.H. in 2005 while she was married to Derek Graves. Michael was adjudicated to be KH.’s father after a DNA test. Tracy has had custody of K.H. since his birth. Tracy has two other children. The father of the oldest child, who was six years old at the time of the hearing, is her husband, and the father of the youngest child is another man who is no longer living. At the time of the hearing, she was in a relationship with another man, whom she depends on for her financial needs in excess of her child support and disability payments. Tracy does not have a job outside the home. She had moved eight times in the two years prior to the hearing. Tracy moved to Texas to help care for her sister’s children, but she has since moved back to Mississippi. The chancellor described her work history as “spotty.” She had not worked in 2009 as of the hearing date. She has a tenth-grade education. She testified at the hearing that she planned to go back to school in order to get a job and support herself. She has a relative who lives nearby who can help with KH.’s care. Tracy testified that K.H. was not involved in any community activities since they had not lived anywhere long enough to get settled.
 

 ¶ 5. Michael was married, had one child, and was expecting another child at the time of the hearing. Michael has worked for a company installing commercial refrigeration equipment for approximately ten years. He is usually away from home three nights a week working. Michael’s •wife testified that she was willing to help with K.H.’s care. K.H. was active in church and other activities when in Michael’s custody, and Michael has extended family that lives nearby.
 

 ¶ 6. All witnesses testified that K.H. was a friendly, well-adjusted child who gets along with each extended family. He had shown no signs of physical or mental limitations in Tracy’s custody.
 

 STANDARD OF REVIEW
 

 ¶ 7. “This Court will not disturb the findings of a [cjhancellor unless the [c]han-
 
 *409
 
 cellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.”
 
 Bell v. Parker,
 
 563 So.2d 594, 596-97 (Miss.1990).
 

 DISCUSSION
 

 I. MATERIAL CHANGE IN CIRCUMSTANCES
 

 ¶ 8. When seeking to modify custody of a child, “a non-custodial party must prove [that:] (1) there has been a substantial change in circumstances affecting the child; (2) the change adversely affects the [child’s] welfare; and (3) a change in custody is in the best interest of the child.”
 
 Johnson v. Gray,
 
 859 So.2d 1006, 1013 (¶ 33) (Miss.2003). “The totality of the circumstances should be considered when considering whether a material change in circumstances has occurred.”
 
 Duke v. Elmore,
 
 956 So.2d 244, 247 (¶ 7) (Miss.Ct.App.2006). Once such a change of circumstances has been found, the factors in
 
 Albright v. Albright,
 
 437 So.2d 1003, 1005 (Miss.1983) play a significant role in the chancellor’s custody determination.
 
 McCracking v. McCracking,
 
 776 So.2d 691, 694 (¶ 10) (Miss.Ct.App.2000). In all custody-modification proceedings, the polestar consideration is the best interest and welfare of the child.
 
 Albright,
 
 437 So.2d at 1005.
 

 ¶ 9. In his motion for contempt, Michael specifically argued that the following reasons warranted a change in custody: (1) Tracy had moved several times since the original custody order, including moving to Texas, and (2) she was cohabiting with a man that was not her husband, along with her two other children, her sister, and her sister’s three children. The chancellor agreed with Michael. The chancellor found that since K.H. was born, Michael has gotten married and demonstrated a more stable lifestyle, while Tracy’s lifestyle has become more unstable. Specifically, the chancellor found as follows:
 

 [Tracy] has continued a pattern of living and having children with men to whom she is not married, depending on them for support. She opines plans of getting her GED, studying surgical technology, working, getting a divorce and doing all the things to stabilize her environment, but with no real advance in doing those things. Even the divorce documents presented at trial were fraught with inconsistencies of misstatements and justification for jurisdiction. The court finds her touch with reality is lacking at best and her decisions are based on the short term. Should the current pattern of [her] life continue she will have more children, by more men, and [K.H.] will be caught in that cycle as a way of life. Best stated, and not listed as an
 
 Al-bright
 
 factor, the best interest of [K.H.] turns on the maturity of his parents as they nurture him. Stated otherwise, where will [K.H.]’s best interest lie should he follow his mother’s pattern of living or that of his father when looked at as to whether such patterns are adverse to him.
 

 ¶ 10. The supreme court has held that: [W]hen the environment provided by the custodial parent is found to be adverse to the child’s best interest, and that the circumstances of the non-custodial parent have changed such that he or she is able to provide an environment more suitable than that of the custodial parent, the chancellor may modify custody accordingly.
 

 Riley v. Doerner,
 
 677 So.2d 740, 744 (Miss.1996).
 

 ¶ 11. We agree with the chancellor that considering the totality of the circumstances, KH.’s best interest will be served by modifying the custody arrangement. We find this case analogous to
 
 Hill v. Hill,
 
 
 *410
 
 942 So.2d 207, 213 (¶ 25) (Miss.Ct.App.2006), where this Court found that the mother’s unstable lifestyle warranted a modification of custody. In
 
 Hill,
 
 Mary Hill Jackson had been granted, by agreed order, primary physical custody of her minor child with her former husband, Cary Hill.
 
 Id.
 
 at 209 (¶ 1). Mary dated and cohabited with several men and moved multiple times after the initial custody order.
 
 Id.
 
 at 210-11 (¶¶ 9-14). The chancellor found that “Cary had matured significantly and that Mary had presented no evidence that Cary was morally unfit.”
 
 Id.
 
 at 213 (¶ 24). The chancellor found that a modification of custody was warranted under these facts because Cary could now provide a more stable environment for the couple’s child.
 
 Id.
 
 at 213 (¶ 25). This Court noted that while the child was not currently demonstrating any adverse effects, that did not preclude the chancellor from considering that the child “was suffering, and would suffer, harmful [e]ffects in the foreseeable future.”
 
 Id.
 
 at 212 (¶ 18).
 

 ¶ 12. We cannot find that the chancellor’s decision was manifestly wrong or clearly erroneous. The circumstances have changed such that Michael can provide a better and more stable home environment. Therefore, we find this issue is without merit.
 

 II.
 
 ALBRIGHT
 
 FACTORS
 

 ¶ 13. In her second issue on appeal, Tracy argues that the chancellor erred in considering the
 
 Albright
 
 factors when there was no material change in circumstances. In the alternative, she argues that the chancellor erred in awarding Michael custody after finding the
 
 Albright
 
 factors did not weigh in favor of either party.
 

 ¶ 14. The
 
 Albright
 
 factors are: (1) age, health, and sex of the child; (2) a determination of the parent that had the continuity of care prior to the separation; (3) which parent has the best parenting skills and which parent has the willingness and capacity to provide primary child care; (4) the employment of the parent and responsibilities of that employment; (5) the physical and mental health and age of the parents; (6) the emotional ties of parent and child; (7) the moral fitness of the parents; (8) the home, school, and community record of the child; (9) the preference of the child at the age sufficient to express a preference by law; (10) the stability of the home environment and employment of each parent; and (11) other factors relevant to the parent-child relationship.
 
 Albright,
 
 437 So.2d at 1005.
 

 ¶ 15. Having found that a material change of circumstances has occurred detrimental to the child’s best interest, we find that the chancellor properly addressed the
 
 Albright
 
 factors in determining whether a change of custody was in K.H.’s best interest. The chancellor found all but two of the
 
 Albright
 
 factors to be neutral. He found one of the remaining two factors to weigh in favor of Tracy and one to favor Michael. The chancellor found that the continuity of care clearly favored Tracy because she was KH.’s sole caretaker for the first year of his life, and she continued to have primary physical custody after Michael was adjudicated to be the father. The stability of the home environment and employment responsibilities were found to favor Michael. The chancellor’s ultimate consideration was the best interest of the child. Having found the
 
 Albright
 
 factors to weigh in favor of neither party, the chancellor considered the totality of the circumstances and found that Michael’s home provided a healthier environment. Applying discretion to the chancellor’s judgment, we cannot find that the chancellor erred in making this determination.
 

 
 *411
 
 ¶ 16. THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 MYERS, P.J., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. KING, C.J., AND GRIFFIS, J., CONCUR IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.