# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00726-SCT

*JULIA GATES HINES MABUS*

*v.*

*RAYMOND EDWIN MABUS, JR.*


| | |
|---|---|
| DATE OF JUDGMENT: | 02/28/2002 |
| TRIAL JUDGE: | HON. STUART ROBINSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | M. JUDITH BARNETT |
| | SHARON PATTERSON THIBODEAUX |
| ATTORNEYS FOR APPELLEE: | RICHARD C. ROBERTS, III |
| | ROBERT W. KING |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | AFFIRMED - 06/05/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE SMITH, P.J., CARLSON AND GRAVES, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Aggrieved by the chancellor's denial of both her motion to modify custody and her petition for rehearing, Julia Gates Hines Mabus (Julie) appeals to this Court arguing that the chancellor erred in failing to grant her joint legal custody of her two minor children. Because the chancellor was correct in finding Julie did not meet her burden of proving a material change in circumstances in the custodial home subsequent to the chancellor's last ruling, we affirm the judgment of the Chancery Court of the First Judicial District of Hinds County.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     Raymond Edwin Mabus, Jr. (Ray) was granted a divorce from Julie Mabus on the ground of adultery on March 24, 2000. Pursuant to an order which had bifurcated the proceedings, the chancery court tried the remaining issues, including the issue involving child custody. On August 8, 2000, the chancellor entered a judgment awarding legal custody of the parties' minor children to Ray and awarding alternating periods of physical custody to the parties pursuant to a detailed schedule set forth in the judgment.

¶3.     Julie appealed the chancellor's judgment regarding custody of the children. The ruling of the chancellor was affirmed by this Court. *Mabus v. Mabus*, No. 2001-CA-00381-SCT, 2003 WL 327669 (Miss. Feb. 13, 2003) (*Mabus I*).

¶4.     On May 11, 2001, while *Mabus I* was pending on appeal to this Court, Julie filed in the trial court a Motion for Modification requesting that she be awarded sole legal and physical custody of the minor children, or in the alternative, joint legal custody and sole physical custody. On May 24, 2001, Julie filed her Amended Motion for Modification, and on January 21, 2002, Julie filed her Second Amended Petition for Citation of Contempt and Modification of Former Judgment. In her Second Amended Motion, Julie set forth seventeen (17) allegations which she asserted supported her request for modification of legal and physical custody of the children. Ray filed his Response to Plaintiff's Second Amended Petition for Citation for Contempt and Modification of Former Judgment along with his Counter Petition for Modification of Former Judgment, Counter Petition for Citation for Contempt and Motion for Clarification on February 14, 2002.

¶5.     A hearing was conducted on February 25 and 26, 2002, regarding Julie's motion to modify custody, Chancellor Stuart Robinson, presiding. A number of witnesses were called by Julie, including

Elisabeth and Annie, the minor children of the parties, and Ray, adversely. At the conclusion of Julie's case in chief, Chancellor Robinson granted Ray's Miss. R. Civ. P. 41(b) motion to dismiss. The order was entered February 28, 2002.

¶6.     Following the dismissal of Julie's Motion for Modification and Petition for Citation for Contempt,[1] and prior to proceeding on Ray's Motion for Modification, the chancellor granted a recess to determine if the parties could agree to Ray's proposed modification of the periods of physical custody of the children from alternating six month periods to alternating calendar months. After the chancellor was informed that the parties had evidently agreed on Ray's proposed modified joint physical custody schedule, the agreed schedule was marked as an exhibit to the proceeding. The hearing was recessed and reconvened on February 28, 2002; however, by that time Julie had evidently changed her mind. Notwithstanding the fact that the proposed order was signed by neither Julie nor her attorney of record, the chancellor nevertheless entered an order adopting the modified joint physical custody schedule which had previously been supposedly agreed to by Ray and Julie and marked as an exhibit. Julie moved to withdraw the former agreement, alleging that she was distraught by the chancellor's previous ruling dismissing her motion, and therefore, immediately after the chancellor's dismissal of her motion, she was incapable of fully understanding the proposed modified physical custody schedule which was presented to her for consideration. Julie requested that the chancellor hear testimony regarding the proposed modification before he entered the order. After concluding that he had heard sufficient testimony during the hearing and finding that the proposed modification was agreed upon and accepted in open court, the chancellor denied Julie's motion.

---

[1]Although Julie's Petition for Citation of Contempt was denied by the chancellor, she is not presenting that ruling for review in this appeal.

¶7. On March 11, 2002, M. Judith Barnett entered her appearance as Julie's new attorney and contemporaneously filed a Petition for Rehearing on the Motion for Modification of Custody and entry of the Agreed Order regarding periods of physical custody of the children. On April 11, 2002, the Petition for Rehearing was argued before the chancellor. On April 18, 2002, the chancellor entered an order denying the petition, and Julie filed a timely appeal from that order entered.

## DISCUSSION

¶8. In a case disputing child custody, the chancellor's findings will not be reversed unless manifestly wrong, clearly erroneous, or the proper legal standard was not applied. *Hensarling v. Hensarling*, 824 So.2d 583, 587 (Miss. 2002). *See also* **Wright v. Stanley**, 700 So.2d 274, 280 (Miss. 1997); *Williams v. Williams*, 656 So.2d 325, 330 (Miss. 1995). The burden of proof is on the movant to show by a preponderance of the evidence that a material change in circumstances has occurred in the custodial home. *Riley v. Doerner*, 677 So.2d 740, 743 (Miss. 1996).

> In the ordinary modification proceeding, the non-custodial party must prove: (1) that a substantial change in circumstances has transpired since issuance of the custody decree; (2) that this change adversely affects the child's welfare; and (3) that the child's best interests mandate a change of custody. *Bubac v. Boston*, 600 So.2d 951, 955 (Miss. 1992).
>
> ***
>
> In considering whether there has been such a change in circumstances, the totality of the circumstances should be considered. [*Spain v. Holland*, 483 So.2d 318, 320 (Miss. 1986).] Even though under the totality of the circumstances a change has occurred, the court must separately and affirmatively determine that this change is one which adversely affects the children. *Id.*

*Bredemeier v. Jackson*, 689 So.2d 770, 775 (Miss. 1997). Furthermore, it is well settled that the polestar consideration in any child custody matter is the best interest and welfare of the child. *Albright v. Albright*, 437 So.2d 1003, 1005 (Miss. 1983).

¶9.     As Ray correctly asserts, Julie's brief did not include a statement of issues. However, Julie did list the following issue within her argument section:

> **The lower court erred in failing to grant appellee [sic] joint legal custody of her minor children when awarding her joint physical custody on the grounds that to do so without a finding of unfitness her [sic] fundamental right to parent her children has been violated.**

¶10.    Julie's main contention which she brings before this Court is that by awarding joint physical custody of their minor children, the chancellor deemed Julie to be a fit person; therefore, the chancellor should be estopped from denying her joint legal custody of the children. Julie further contends that the only reason she was not granted joint legal custody of the children was because the means of communication between the parties were unacceptable by the chancellor.[2]

¶11.    Ray argues that according to Julie's notice of appeal, the only two issues which may be raised in this appeal are the issues presented in the Petition for Rehearing which were (1) the Agreed Order entered on February 28, 2002, was not signed by Julie or her counsel of record and (2) the testimony presented at the hearing created a material change in circumstances in the custodial home which is adverse to the children since the entry of the last order. Ray contends because these two issues are not argued and are not supported by authority, the issues must be considered abandoned and waived.

¶12.    Ray contends that rather than address the issues presented for review in her notice of appeal, Julie attempts a constitutional challenge of the statute which grants chancellors the authority to award legal custody of children solely to one parent while awarding significant periods of shared physical custody of children to both parents. Ray argues this constitutional challenge is barred by Julie's failure to raise this issue

---

[2]Julie and Ray communicate with each other only by facsimile or handwritten notes.

in a pleading in chancery court, to give notice to the Attorney General pursuant to Miss. R. Civ. P. 24(d), and to serve a copy of her brief on the Attorney General pursuant to M.R.A.P. 44.

¶13. Ray asserts the arguments advanced by Julie on this appeal are directed to the original judgment entered by the chancellor awarding Ray sole legal custody of the couple's minor children and shared physical custody of the children. Ray contends Julie's arguments do not address the issues which were presented to and decided by the chancellor on her motion for modification.

¶14. Addressing the merits of Julie's issue, without abandoning his procedural arguments, Ray argues that it is not the law in Mississippi that a chancellor must award joint child custody unless it finds the non-custodial parent to be unfit.

¶15. Because Julie argued to the chancellor on her motion for rehearing this same issue of the chancellor's purported error in failing to award her joint legal custody of the children, she has preserved this issue for appeal. Therefore, we will address the issue on the merits.

¶16. Julie's brief solely addresses whether the chancellor erred in failing to grant her joint legal custody of the children while on the other hand granting her joint physical custody. Julie cites *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), and *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), as authority for her argument that as a natural parent she has the right to parent her children and must be deemed unfit before she is denied custody. However, *Troxel* (natural parent v. grandparent) and *Stanley* (natural parent v. State), were cases regarding issues of custody between the natural parents and a third party, not between both natural parents.

¶17. In custody disputes between natural parents and third parties, it is presumed that a child's best interest is served by granting custody to the natural parent. Therefore, in order for the third party to overcome this presumption, the third party must show either that the natural parent has abandoned the child

or that the natural parent is unfit. ***Sellers v. Sellers***, 638 So. 2d 481, 483 (Miss. 1994). Julie also cites

***Thomas v. Purvis***, 384 So.2d 610 (Miss. 1980), which contradicts her position that the wrong standard

was used to deny her legal custody.

> The principle that there must be a material change of circumstances which adversely affects a child's welfare before a custody decree may be modified only *applies between parents of the child.* The correct application of the law as between grandparents (also other persons) and parents is stated in ***Rodgers v. Rodgers***, [274 So. 2d 671 (Miss. 1973], viz, the parent is entitled to custody of the child unless he/she has abandoned the child or is unfit to have custody, keeping in mind the best interest of the child.

***Thomas***, 384 So.2d at 612-13 (emphasis added).

¶18.    Julie also argues the chancellor failed to conduct an ***Albright*** analysis to show that she is an unfit

person. This Court addressed the issue of child custody in ***Mabus I*** and found that the chancellor did not

abuse his discretion by awarding sole legal custody of the couple's minor children to Ray and joint physical

custody to both Julie and Ray. 2003 WL 327669 (Miss.)( ¶ 38 through ¶ 52, inclusive).  Julie fails to

discuss what she perceives to be a material change in circumstances since the chancellor's last ruling

because she focuses on the standard of being a fit person. As the statute clearly states, the chancellor may

award sole legal custody to one parent while awarding joint physical custody to both parents. Miss. Code

Ann. § 93-5-24 (Supp. 2002) states in pertinent part:

> (1) Custody shall be awarded as follows according to the best interests of the child:
>> (a) Physical and legal custody to both parents jointly pursuant to subsections 2 through 7.
>> *(b) Physical custody to both parents jointly pursuant to subsections 2 through 7 and legal custody to either parent.*
>> (c) Legal custody to both parents jointly pursuant to subsections 2 through 7 and physical custody to either parent.
>> (d) Physical and legal custody to either parent.
> (2) Joint custody may be awarded where irreconcilable differences is the ground for divorce, in the discretion of the court, upon application of both parents.

7

(7) There shall be no presumption that it is in the best interest of a child that a mother be awarded either legal or physical custody.[3]

(emphasis added).

¶19.    The burden is on Julie to prove a material change in circumstances has occurred in the custodial home in order for this Court to reverse the chancellor's original child custody order. During the hearing on Julie's motion to modify custody, Julie attempted to present evidence in seventeen (17) different areas which would, taken together, amount to a material change in circumstances. After hearing all of the evidence, the chancellor found Julie failed to meet her burden of proving a material change in circumstances.

¶20.    Now Julie is arguing the chancellor applied the wrong standard because he failed to conduct an *Albright* analysis to show that Julie was an unfit parent. As stated above, this is the wrong standard. As the Court of Appeals has correctly held, in a modification hearing, the chancellor will only apply the *Albright* factors after the non-custodial parent has proven a material change in circumstances. *McGehee v. Upchurch*, 733 So.2d 364, 369 (Miss. Ct. App. 1999).

> We do not reach Mr. McCracking's various complaints with the criteria for determining custody set out in *Albright v. Albright*, 437 So.2d 1003, 1005 (Miss. 1983). In a custody modification proceeding, the question of which parent will better serve the welfare of the children as custodial parent is not reached unless the chancellor has previously found a material change in circumstance detrimental to the child's best interest. *McGehee v. Upchurch*, 733 So.2d 364, 369 (Miss. Ct. App. 1999). Once such a change of circumstance has been found, the factors in *Albright v. Albright* ought to play a significant role in the chancellor's ultimate determination of a suitable custody arrangement. However, by failing to prove a change in circumstance detrimental to the children's best interests, Mr. McCracking's case fell short of the point where such issues could be considered by the chancellor.

*McCracking v. McCracking*, 776 So.2d 691, 694 (Miss. Ct. App. 2000).

---

[3]The Amendment Notes under Miss. Code Ann. § 93-5-24 (Supp. 2002) state that "[t]he 2000 amendment substituted 'shall be awarded' for 'may be awarded' in (1); inserted present (7) and redesignated former (7) as present (8)."

¶21. Because Julie failed to meet her burden of proving a material change in circumstances, the chancellor did not abuse his discretion in denying her request for modification of child custody or her request for a rehearing. As stated previously, Miss. Code Ann. § 93-5-24 provides chancellors the authority to grant sole legal custody to one parent while granting joint physical custody to both parents. The required burden in child custody disputes between natural parents is proving a material change in circumstances, not proving one parent to be unfit. Therefore, the chancellor did not err in his original award of child custody.

## CONCLUSION

¶22. Pursuant to Miss. Code Ann. § 93-5-24, a chancellor may award sole legal custody of children to one parent and joint physical custody to both parents. Because the material change in circumstances burden was not met, the chancellor was correct in denying the request to modify the original child custody order. We, therefore, affirm the judgment of the chancery court.

¶23. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.**