ISHEE, J.,
for the Court.
¶ 1. Shannon A. Bradley and Lou T. Jones were never married but had two children together. Jones filed a complaint in the Chancery Court of Hinds County seeking adjudication as to his paternity of the two children, as well as requesting legal and physical custody and other relief. The chancellor found that Jones was the father of the minor children and awarded him physical and legal custody. Aggrieved, Bradley appeals. Finding no error, we affirm.
FACTS
¶2. Bradley and Jones maintained an intimate relationship for several years. A male child was born of the relationship on March 12, 1998, and a female child was born of the relationship on March 12, 2000. The parties terminated the relationship and never entered into marriage.
¶ 3. On September 15, 2004, Jones filed a complaint in the Chancery Court of Hinds County seeking to adjudicate the paternity of the two minor children, as well as seeking physical and legal custody and other relief related to custody and support. On November 28, 2004, Bradley filed an answer and counterclaim for custody. A hearing was held on November 22, 2004, at which both parties called several witnesses. The chancellor found Jones to be the children’s father and awarded him legal and physical custody, entering an order to that effect on December 17, 2004.
¶ 4. On June 8, 2006, this Court entered an order remanding this case to the trial court with instructions for the chancellor to make specific findings of fact with regard to each Albright factor. The court did so entering an order on July 31, 2006. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. This Court’s standard of review regarding child custody is a limited one. C.W.L. v. R.A., 919 So.2d 267, 270(¶8) (Miss.Ct.App.2005) (citing Johnson v. Gray, 859 So.2d 1006, 1012(¶31) (Miss. 2003)). We will not disturb the findings of a chancellor unless manifestly wrong, clearly erroneous, or if the chancellor applied the wrong legal standard. Id. (citing Mabus v. Mabus, 847 So.2d 815, 818(¶ 8) (Miss.2003)). On appeal, a chancellor’s findings of fact will not be set aside if supported by substantial evidence. Patterson v. Holleman, 917 So.2d 125, 130(¶ 14) (Miss.Ct.App.2005) (citing Nichols v. Funderburk, 883 So.2d 554, 556(¶ 7) (Miss.2004)).
*804 ISSUES AND ANALYSIS
' I. Whether the chancellor abused his discretion by granting custody to Jones without specifically delineating the Albright factors on the record during the hearing and the supporting or non-supporting evidence of each factor.
¶ 6. In any child custody case, the polestar consideration is the best interests of the child. Brekeen v. Brekeen, 880 So.2d 280, 283(¶ 5) (Miss.2004) (citing Albright v. Albright, 487 So.2d 1003, 1005 (Miss.1983)).
The Albright factors, used to determine child custody based on the best interests of the child, include:
1) age, health and sex of the child; 2) determination of the parent that had the continuity of care prior to the separation; 3) which has the best parenting skills and which has the willingness and capacity to provide primary child care; 4) the employment of the parent and responsibilities of that employment; 5) physical and mental health and age of the parents; 6) emotional ties of parent and child; 7) moral fitness of parents; 8) the home, school and community record of the child; 9) the preference of the child at the age sufficient to express a preference by law; 10) stability of home environment and employment of each parent; and (11) other factors relevant to the parent-child relationship.
Id. at 283-84 (citing Hollon v. Hollon, 784 So.2d 943, 947 (Miss.2001)). Where a chancellor improperly considers and applies the Albright factors, an appellate court must find him in error. Parker v. South, 913 So.2d 339, 347(¶26) (Miss.Ct. App.2005) (citing Watts v. Watts, 854 So.2d 11, 13(¶ 5) (Miss.Ct.App.2003)).
¶ 7. In Fulk v. Fulk, 827 So.2d 736, 739(¶ 9) (Miss.Ct.App.2002), in holding that a chancellor committed reversible error by discussing some Albright factors but not all, this Court stated:
In -order to lend some clarity to the chancellor’s decision process and thereby make an appellate review as meaningful as possible, the supreme court has held that the chancellor should properly make findings of fact on the record as to the various factors under Albright v. Albright. Sobieske v. Prestar, 755 So.2d 410, 413(¶ 12) (Miss.2000). It is not enough for the chancellor to simply state that he considered these factors. Hamilton v. Hamilton, 755 So.2d 528, 531(¶ 10) (Miss.Ct.App.1999).
¶ 8. In Mitchell v. Mitchell, 820 So.2d 714, 722-23(¶ 47) (Miss.Ct.App.2000), however, this Court noted:
The majority of the Mississippi Supreme Court [in Sobieske v. Prestar, 755 So.2d 410 (Miss.2000) ] held that while they would have preferred to have had the Albright factors expressly enumerated; nevertheless, when considering the deference that must be shown to a chancellor, it could be inferred by the chancellor’s mention of Albright that he had considered those factors.... Therefore, in the present case, in light of the chancellor’s dissertation ... and his mention of Albright, we too allow an inference regarding the Albright factors that were not addressed.
¶ 9. On remand the chancellor did make such findings and ruled that Mr. Jones is better suited to care for the two minor children. Therefore, this issue is without merit.
II. Whether the chancellor abused his discretion by discussing Bradley’s lifestyle and moral character in granting custody of the minor children to Jones.
¶ 10. This Court has held that “[c]hild custody is a matter of equity which *805 requires more than counting the votes in favor of the mother or father. A single factor can weigh so heavily in the favor of one party that equity would require granting custody to that parent.” Divers v. Divers, 856 So.2d 370, 376(¶27) (Miss.Ct. App.2003).
¶ 11. While the chancellor in the case sub judice may have emphasized, to some degree, Bradley’s moving to Iowa, allegedly to follow a convict boyfriend, this was not the sole reason he granted custody to Jones. The record makes clear that the chancellor considered other factors, such as Bradley’s lack of employment. This assignment of error is without merit.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.