GRIFFIS, J.,
for the Court.
¶ 1. Shawanda Moore brought this action against Gerondriek S. Cole for modification of child custody. The chancellor denied the modification and found that there was no material change of circumstances that adversely affected the child. Moore argues that the chancellor’s judgment was against the overwhelming weight of the evidence.
FACTS
¶ 2. Moore and Cole are the natural parents of Jaylan Cole, born September 10, 1997. At the time of Jaylan’s birth, Moore was a student at Alcorn State University, and Cole was a student at the State Highway Patrol school. Moore and Cole were never married.
¶ 3. Through 1999, Jaylan lived alternately with his maternal grandmother in Jackson and his paternal grandparents in Memphis, while both parents finished school. In 2000, Jaylan lived with Cole’s parents.
¶ 4. On December 15, 2000, Cole became a State Highway Patrol officer, and Jaylan began to live with his father and his stepmother Teresa, in Laurel. In their home, Jaylan lived with his stepbrother Lakon and half-brother Christian. Cole’s work schedule required that he work seven night shifts every other week. When Cole had to work night shifts, either Teresa or her parents would watch Jaylan and the other children.
¶ 5. About the same time, Moore left Alcorn State University and moved to Georgia. On July 12, 2003, Moore came to get Jaylan for a weekend visit. Moore took Jaylan to her residence in Georgia *739 and refused to bring him back to Mississippi.
¶ 6. On August 7, 2003, Cole filed an action to determine paternity and establish custody. Cole was granted temporary custody, and Moore was granted temporary visitation. On January 15, 2004, the court entered an order that adjudicated Cole to be Jaylan’s father, and Cole was granted custody of Jaylan. Moore was given visitation rights. Because Cole did not seek child support, the chancellor ordered no child support would be required but held that Cole could petition for child support in the future. Moore did not appeal this order.
¶ 7. Later in January of 2004, Cole and Teresa began divorce proceedings. Teresa, Christian and Lakon moved to Meridian. Cole moved to Canton to attend specialized officer training, which would last three months. Due to the divorce and training, Cole sent Jaylan to his parents’ home in Memphis. Jaylan lived in Memphis from January to May 2004. He attended Florida-Kansas Elementary School, where his grandmother Pallascene B. Cole was the principal. Moore was aware of this arrangement and did not object.
¶ 8. In May of 2004, Jaylan moved back in with Cole. Since then, Jaylan has continued to live with Cole in Madison County. On June 11, 2004, Cole’s parents moved to Canton, just down the street from Cole and Jaylan. Pallascene Cole is now the principal of Canton Elementary, where Jaylan attends school. Cole’s work schedule requires that Jaylan spend approximately two nights a week at his grandparents’ house.
¶ 9. On July 9, 2004, Moore filed for a modification of custody. Moore alleged that (1) the move to Memphis between January and May had disrupted Jaylan’s life, (2) Cole was no longer the primary caregiver, and (3) Jaylan’s brother was no longer living with him. Cole counterclaimed for child support. At trial, Moore claimed that the only adverse change of circumstances was Cole’s work schedule. The chancellor found that Moore had failed to meet the burden of proof to establish a material change of circumstances that adversely affected the child and denied Moore’s claim for modification. The chancellor granted Cole’s counterclaim and awarded him $202 per month in child support. It is from this order that Moore appeals.
STANDARD OF REVIEW
¶ 10. Matters involving child custody are within the sound discretion of the chancellor. Sturgis v. Sturgis, 792 So.2d 1020, 1023(1112) (Miss.Ct.App.2001). A chancellor’s findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. Sanderson v. Sanderson, 824 So.2d 623, 625(¶8) (Miss.2002). This Court will not disturb the findings of a chancellor when supported by substantial credible evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Id. at 625-26(¶ 8). Legal questions are reviewed de novo. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶5) (Miss.2002).
ANALYSIS
¶ 11. Moore argues that the chancellor’s decision was against the overwhelming weight of the evidence and the applicable evidence.
¶ 12. In Mabus v. Mabus, 847 So.2d 815, 818(118) (Miss.2003), the supreme court held:
In a case disputing child custody, the chancellor’s findings will not be reversed unless manifestly wrong, clearly errone *740 ous, or the proper legal standard was not applied. Hensarling v. Hensarling, 824 So.2d 583, 587 (Miss.2002). See also Wright v. Stanley, 700 So.2d 274, 280 (Miss.1997); Williams v. Williams, 656 So.2d 325, 330 (Miss.1995). The burden of proof is on the movant to show by a preponderance of the evidence that a material change in circumstances has occurred in the custodial home. Riley v. Doerner, 677 So.2d 740, 743 (Miss.1996).
In the ordinary modification proceeding, the non-custodial party must prove: (1) that a substantial change in circumstances has transpired since issuance of the custody decree; (2) that this change adversely affects the child’s welfare; and (3) that the child’s best interests mandate a change of custody. Bubac v. Boston, 600 So.2d 951, 955 (Miss.1992).
[[Image here]]
In considering whether there has been such a change in circumstances, the totality of the circumstances should be considered. [Spain v. Holland, 483 So.2d 318, 320 (Miss.1986).] Even though under the totality of the circumstances a change has occurred, the court must separately and affirmatively determine that this change is one which adversely affects the children. Id.
Bredemeier v. Jackson, 689 So.2d 770, 775 (Miss.1997). Furthermore, it is well settled that the polestar consideration in any child custody matter is the best interest and welfare of the child. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).
¶ 13. The chancellor examined whether there had been a material change in the custodial home since January 15, 2004, the date of the original custody order. The chancellor determined that the only issue that Moore pointed to was the fact that Cole’s work schedule as a state trooper was different. The chancellor ruled that Cole was a state trooper at the time of the original order, and thus, Cole’s work schedule could not be considered a change of circumstances. The chancellor also concluded that Jaylan was well adjusted, making good grades and had no serious health issues. Hence, the chancellor held that Moore failed to meet her burden of proof to establish a claim for modification of custody.
¶ 14. On appeal, Moore argues that the chancellor ignored evidence of significant changes in Jaylan’s life during this time. Moore claims that there was a disruption to Jaylan’s home life. She points to evidence that Cole was married at the time of the original order and presented a stable home life at that time. Thereafter, Moore argues that the chancellor failed to consider the fact that Jaylan’s home life “fell apart” due to Cole’s marital difficulties, that Jaylan was sent away to live with his paternal grandmother, and that Jaylan was enrolled in another school as sufficient evidence of a material change of circumstances.
¶ 15. The evidence presented at the hearing indicates that none of these changes had an adverse impact on Jaylan’s health or welfare. Moore admitted that there has been no adverse impact on Jay-lan’s schoolwork. The witnesses agreed that Jaylan was a smart, well adjusted child, with no behavioral problems. The only evidence of an adverse change, which Moore identified at the hearing, was Cole’s new work schedule. On direct, she was asked:
Q. Do you know of anything right now that Mr. Cole is doing or not doing that is adversely affecting the child that causes you to feel this Court should change custody of the child from Mr. Cole to you?
*741 A. Well, for Mm having primary custody, his work schedule is just, you know, it varies. I think that we’re being his parents, I don’t think his parents should have to take care of Jaylan. You know, if he’s not going to be there all the time for Jay, I should be there for Jay. You know, he has a varying work schedule. He’s a state trooper, so he doesn’t have a set schedule where he’s going to work a set schedule. I do. I can be there at night with Jay. His schedule can be set and stable. You know, have a consistent schedule; not varying back and forth between [Colej’s house and his grandparents’house. He’ll just have one set place to be.
Q. So, you feel the child should know that he’s going to sleep in the same bed every night.
A. Right. And not have to be back and forth.
¶ 16. We recognize that this testimony could assist the chancellor in an initial custody determination, ie., an Albright analysis. However, this evidence is not sufficient under a modification of custody analysis. In essence, Moore does - not claim that Jaylan has been negatively affected by his living arrangement. Instead, she merely argues it would be better at her house. Accordingly, there is sufficient evidence to support the chancellor’s conclusion that Cole’s work schedule is .substantially the same if not better than it was at the time of the initial custody award. Cole is required to work some night shifts. On these occasions, .Jaylan stays with his grandparents. There was also evidence for the chancellor to conclude that Cole’s schedule had improved. Rather than working fourteen nights a month, he only works ten nights a month. Also, before Cole did not get any time off from work. Now, his schedule allows him to have nine days a month off from work. Rather than spend the night two miles down the road at his stepgrandparents’ home, Jaylan can spend the night across the street at his grandparents’ home.
¶ 17. We do not find that the chancellor was manifestly wrong, clearly erroneous, or applied the improper legal standard. To the contrary, there is more than sufficient evidence to support the chancellor’s finding that Moore failed to show a material change in circumstances that adversely affected the child. Therefore, the chancellor correctly denied Moore’s claim for a modification of custody. We affirm.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF JONES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR. CARLTON, J„ NOT PARTICIPATING.