CARLTON, J.,
 

 for the Court:
 

 ¶ 1. On May 22, 2008, Lee Ann Williams (Lee Ann) filed a complaint in Alcorn County Chancery Court for contempt and modification of child custody. Lee Ann shared joint custody of her daughter, Mak-enzie Cheyenne Willis (Makenzie), with the child’s father, Nicholas Joe Willis (Nicholas). Lee Ann alleged that a material change in circumstances adverse to the best interests of the minor child had occurred in Nicholas’s home since the entry of the chancery court’s February 15, 2008, custody order. Lee Ann sought primary physical and legal custody of Makenzie with restricted visitation for Nicholas. The chancery court heard testimony at a hearing on the matter and subsequently denied Lee Ann’s motion for modification. Lee Ann now appeals the judgment of the chancery court, which denied her motion for modification of child custody. Finding no error, we affirm the judgment of the chancery court.
 

 FACTS
 

 ¶ 2. On August 23, 2007, the chancery court entered a temporary order modifying its former custody order and granting joint legal and physical custody of Maken-zie to Lee Ann and Nicholas. The chancery court ordered that Makenzie reside with Nicholas during the school year, subject to Lee Ann’s weekend visitation. The chancery court granted Lee Ann extended visitation during school holidays and sum
 
 *124
 
 mer vacation. The chancellor again modified her custody order on February 15, 2008, granting Lee Ann a third weekend per month of visitation with Makenzie.
 

 ¶ 3. Later, in May of 2008, Lee Ann filed a complaint for contempt and modification of the chancery court’s February 15, 2008 custody order. Lee Ann alleged that Nicholas’s wife mistreated Makenzie, leaving fingernail marks on her arm after grabbing her too forcefully. In addition to presenting the evidence of the fingernail marks left on Makenzie’s arm, Lee Ann argued at trial that Makenzie earned poorer grades while living with Nicholas. Further, Lee Ann alleged that Nicholas failed to seek proper medical care for Makenzie after she developed numerous cavities in her teeth, failed to keep Lee Ann informed regarding Makenzie’s medical appointments and school activities, and failed to identify Lee Ann on school and medical records as a parent and point of contact in case of emergency. Lastly, Lee Ann argued that Nicholas and his wife interfered with Lee Ann’s visitation with Makenzie.
 

 ¶ 4. The chancellor found that Lee Ann failed to provide proof that a material change in circumstances had occurred in Nicholas’s home since the chancery court issued its last custody order in February 2008 and denied her motion for a modification of custody. However, the chancellor admonished Nicholas for failing to include Lee Ann on Makenzie’s school and medical records, thereby making it difficult for Lee Ann to obtain medical treatment for Mak-enzie and copies of her school records. On appeal, Lee Ann argues that the chancellor erred in not awarding her physical and legal custody of Makenzie.
 

 STANDARD OF REVIEW
 

 ¶ 5. On appeal, this Court will not disturb a chancellor’s factual findings regarding custody modification unless the chancellor’s findings are “manifestly wrong, clearly erroneous, or the proper legal standard was not applied.”
 
 Duke v. Elmore,
 
 956 So.2d 244, 247 (¶ 6) (Miss.Ct.App.2006).
 

 DISCUSSION
 

 ¶ 6. Before undertaking a discussion of the merits of Lee Ann’s appeal, we note that Lee Ann, through her attorney, failed to cite any authority to support the assignment of error contained in her brief. The Mississippi Rules of Appellate Procedure provide clear guidance on this point. Rule 28(a)(6) of the Mississippi Rules of Appellate Procedure provides that an argument advanced on appeal “shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” This Court has held that the “[fjailure to comply with M.R.A.P. 28(a)(6) renders an argument proeedurally barred.”
 
 Birrages v. Ill. Cent. R.R.,
 
 950 So.2d 188, 194 (¶ 14) (Miss.Ct.App.2006) (citations omitted). Notwithstanding the procedural bar, this Court now turns to an analysis of the issue presented on appeal.
 

 ¶ 7. When seeking a modification of child custody, the noncustodial parent must prove that a material change in circumstances has occurred in the custodial parent’s home since the most recent custody decree, the material change adversely affects the child, and a modification of custody is in the best interest of the child.
 
 Giannaris v. Giannaris,
 
 960 So.2d 462, 467-68 (¶ 10) (Miss.2007). Any change in custody must be predicated on the conduct of the custodial parent that poses a danger to the mental or emotional health of the child.
 
 Id.
 
 at 467 (¶ 9) (quoting
 
 Morrow v. Morrow,
 
 591 So.2d 829, 833 (Miss.1991)). The chancellor must consider the totality of the circumstances when determining
 
 *125
 
 whether a material change in circumstances has occurred.
 
 Creel v. Cornacchione,
 
 831 So.2d 1179, 1183 (¶ 15) (Miss.Ct.App.2002) (citing
 
 Ash v. Ash,
 
 622 So.2d 1264, 1266 (Miss.1993)). Further, the party seeking the modification of custody bears the burden of proving by a preponderance of the evidence that a material change in circumstances has occurred in the custodial home.
 
 Mabus v. Mabus,
 
 847 So.2d 815, 818 (¶ 8) (Miss.2003) (citing
 
 Riley v. Doerner,
 
 677 So.2d 740, 743 (Miss.1996)).
 

 ¶ 8. The chancellor found that Lee Ann failed to meet her burden of proving that a material change in circumstances adverse the children occurred in Nicholas’s home. A guardian ad litem appointed to represent Makenzie’s best interests testified that the guardian ad litem saw no evidence of a material change in circumstances. The evidence at trial indicated that the incident in which Maken-zie’s step-mother left fingernail marks on her arm was isolated, and failed to indicate a home environment dangerous to Makenzie’s health. The supreme court in
 
 Giannaris
 
 held that “[a]ll courts must be consistent, diligent, and focused upon the requirement that ‘only parental behavior that poses a clear danger to the child’s mental or emotional health can justify a custody change.’ ”
 
 Giannaris,
 
 960 So.2d at 467 (¶ 9) (quoting
 
 Morrow v. Morrow,
 
 591 So.2d 829, 833 (Miss.1991)). Chancellors must consider the totality of the circumstances in a modification action, and an isolated incident generally will not be sufficient to justify a change of custody.
 
 Id.
 
 at (¶ 10) (quoting
 
 Tucker v. Tucker,
 
 453 So.2d 1294, 1297 (Miss.1984)).
 

 ¶ 9. A chancellor sitting as a fact-finder in a custody case enjoys wide discretion, and reviewing courts defer to a chancellor’s findings of fact when supported by substantial evidence.
 
 Blevins v. Bardwell,
 
 784 So.2d 166, 170 (¶ 12) (Miss.2001). We find no abuse of discretion in the chancellor’s finding that Lee Ann failed to prove a material change in circumstances had occurred in Nicholas’s home since the last custody order. Accordingly, we affirm the chancellor’s decision to deny Lee Anris request for a custody modification.
 

 ¶ 10. THE JUDGMENT OF THE AL-CORN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.