GRIFFIS, P.J.,
for the Court:
¶ 1. Jimmy Scott Thompson (“Scotty”) filed a petition for modification of child custody against Tammy Renee Evans Thompson Hutchinson. The chancellor denied the modification and dismissed the action under Mississippi Rule of Civil Procedure 41(b). The chancellor found that there was no material change in circumstances that adversely affected the child. Scotty argues that the chancellor erred by finding no material change in circumstances, and failing to make specific findings of fact and conclusion of law. We find no error and affirm.
FACTS
¶ 2. Scotty and Tammy were divorced on December 30, 1998. They were awarded joint legal custody of their two minor children, with primary physical custody awarded to Tammy. The two minor children are Kelly, born July 15, 1995, and Hayden, born May 12,1998.
¶ 3. On September 23, 2004, an order of modification was entered that increased Scotty’s child-support obligation. On December 18, 2008, Scotty filed a petition for modification of child custody seeking modification of both the legal and physical custody of Kelly and Hayden. A hearing on the matter was set for April 2, 2009. The chancellor learned that Scotty alleged abuse of the minor children as a material change in circumstance. The chancellor appointed Prentiss Grant to serve as *842 guardian ad litem under Mississippi Code Annotated section 93-5-23 (Supp.2011).
¶ 4. The chancellor held a hearing on June 7, 2010. Scotty testified that he is engaged, and he and his flaneé have a two-month-old daughter. Scotty lives with his mother and sister. Scotty testified that he and Hayden have a very close relationship. Scotty feels that Hayden’s living arrangements are stressful to him and that Hayden would be happier living with Scotty. Scotty offered the testimony of his sister and mother. They both testified that Hayden is happy with Scotty and that Scotty takes care of Hayden. Scotty’s mother testified that Hayden would occasionally cry and exhibit an upset stomach when it was time for him to return home.
¶ 5. Scotty also testified that several negative situations had occurred that warrant a modification in custody. Scotty claimed that Tammy and her husband, Tony Hutchinson, have had an argument that resulted in law enforcement being called to their house. Scotty alleged that Tony disciplined Hayden in the past by choking him and poking his finger in Hayden’s cheek. Further, Scotty testified that an incident at school involving Hayden’s teacher left Hayden bruised on his buttocks. Scotty alleged that Tammy and Tony failed to investigate the circumstances of this incident. Scotty testified that he has reported Tony to the Department of Human Services (“DHS”) on three occasions.
¶ 6. Tony testified at the hearing and admitted that he had disciplined Hayden by placing his hand on his shoulders by his neck leaving a mark. Tony also testified that the custody situation surrounding Hayden placed a strain on his marriage to Tammy. Tony testified, however, that there were positives in his relationship with Hayden. He testified that he picked Hayden up from school, treated him like his own kids, and even was with Hayden when he killed his first deer. At the time Hayden killed the deer, Tony called Scotty from the field to involve him in Hayden’s experience. Tony testified that DHS had investigated and found that Scotty’s allegations of abuse were unfounded.
¶ 7. Hayden testified he and his dad are close and talk often. Hayden stated several times that he preferred his time at Scotty’s house. Hayden admitted that he was afraid of Tony because of the choking incident that occurred around eighteen months prior to the hearing. Hayden also testified that he previously had a condition that caused him to pull out his hair due to stress. Hayden testified he enjoys spending time with his dad and playing video games.
¶ 8. A letter from Hayden’s counselor was introduced at the hearing. The counselor observed that Hayden was angry and upset when Tony yelled at him. The counselor also recorded Hayden stating in session that “[Scotty] was mean sometimes too.” Hayden reported that therapy was helping him with his emotions, and Tony was yelling at him less. The counselor found “Hayden described normal emotions for a child of divorce.” Hayden also discussed with his counselor that his parents “fussing” upset him.
¶ 9. After Scotty presented his case, Tammy moved for dismissal under Mississippi Rule of Civil Procedure 41(b). In his order, the chancellor granted the motion finding that there was not a material change in circumstances to warrant modification of custody. In the chancellor’s order, however, the chancellor changed the current visitation schedule to allow Scotty to spend more time with the children. The visitation schedule now includes every other weekend with the non-custodial parent, uninterrupted visitation with Hayden from the first day of summer vacation until *843 6:00 p.m. Father’s Day, uninterrupted visitation with Hayden two weeks after Father’s Day to one week before school is set to begin, and uninterrupted visitation with both children during even-numbered years from 6:00 p.m. the Friday before Thanksgiving to 6:00 p.m. the Wednesday before Thanksgiving. It is from this order that Scotty appeals.
STANDARD OF REVIEW
¶ 10. Matters involving child custody are within the sound discretion of the chancellor. Sturgis v. Sturgis, 792 So.2d 1020, 1023 (¶ 12) (Miss.Ct.App.2001) (citation omitted). A chancellor’s findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. Sanderson v. Sanderson, 824 So.2d 623, 625 (¶ 8) (Miss.2002) (citation omitted). This Court will not disturb the findings of a chancellor when supported by substantial credible evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Id. at 625-26 (¶ 8). Legal questions are reviewed de novo. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721 (¶ 5) (Miss.2002) (citation omitted).
ANALYSIS

1. Material Change in Circumstances

¶ 11. Scotty contends the chancellor committed reversible error by finding there was no material change in circumstances when the chancellor failed to consider and apply Mississippi Code Annotated section 93-5-24(9) (Rev.2004).
¶ 12. In Mabus v. Mabus, 847 So.2d 815, 818 (¶ 8) (Miss.2003) (internal citations omitted), the Mississippi Supreme Court stated the legal standard for a modification proceeding as follows:
The burden of proof is on the movant to show by a preponderance of the evidence that a material change in circumstances has occurred in the custodial home. In the ordinary modification proceeding, the non-custodial party must prove: (1) that a substantial change in circumstances has transpired since issuance of the custody decree; (2) that this change adversely affects the child’s welfare; and (3) that the child’s best interests mandate a change of custody.
¶ 13. Here, the chancellor determined that Scotty’s testimony, as well as the testimony of his sister and his mother, conflicted with Hayden’s at several different times. The chancellor stated that he had a difficult time determining who was telling the truth. For example, Scotty, his mother, and his sister testified that Hayden was involved in a four-wheeler accident that left him with scrapes and injuries. The chancellor questioned Hayden repeatedly on the issue, and Hayden stated that the accident never happened. Further, the chancellor found that Hayden never stated that he was afraid of his mother in any way. The chancellor stated:
[T]he biggest problem that I’ve got with the plaintiffs case is the credibility of the witnesses, leaving the Court with not the slightest-there’s nothing that I could say that there has been a material change in circumstances. The Mississippi Supreme Court has been very clear, and it has said that a change in custody is a jolting, traumatic experience which should not be ordered without serious cause.
I cannot looking at the evidence fairly, I think what we’re dealing with is a situation where a little boy is — this pre-ado-lescent child is hungry to spend more time with his daddy, and I think that— that he’s not to be faulted for that.
*844 There clearly has not been any showing that there’s a genuine danger to the child inside the Hutchinson house-hold_ Mr. Tony is one of — -frankly, one of the most believable and credible witnesses, frankly, I’ve ever had in this court.
¶ 14. The chancellor then granted Tammy’s Rule 41(b) motion, and he determined that Scotty had not met his burden of proof showing that there had been a material change in circumstances based on the evidence presented.
¶ 15. Scotty argues that the chancellor erred in his determination because the evidence showed a pattern of domestic violence which needed to be considered. Mississippi Code Annotated section 93-5-24(9)(a)(i) (Rev.2004) states in part:
In every proceeding where the custody of a child is in dispute, there shall be a rebuttable presumption that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody or joint physical custody of a parent who has a history of perpetrating family violence.
The statute defines a history of perpetuating family violence as either a pattern of family violence against a member of the household or a single incident of family violence that results in serious bodily injury. Id.
¶ 16. Scotty contends that the discipline incidents and the altercation between Tammy and Tony resulting in law enforcement being dispatched to the house are examples of “perpetrating family violence” under the statute. The chancellor found Scotty’s allegations to be unsupported by the testimony and evidence presented at the hearing. The chancellor found the testimony presented to be conflicting among the witnesses. Further, there was no showing by a preponderance of the evidence that any incident resulted in serious bodily injury.
¶ 17. This Court found, in Brumfield v. Brumfield, 49 So.3d 138, 143 (¶ 17) (Miss.Ct.App.2010), “no abuse of discretion in the chancellor’s finding that the single incident did not result in ‘serious bodily injury,’ as required by the statute to support a finding of a history of family violence.” In Brumfield, the mother and father fought in front of the children over whether makeup should be thrown away because it was placed on the floor. Id. at 142 (¶ 12). After an argument in front of their children, the father drug the mother out to the front yard, threw her on the ground, and hit her with his belt. Id. at 142-143 (¶ 12). This Court agreed with the chancellor’s finding that this occurrence was one incident of domestic violence that did not result in serious bodily injury as required by the statute. Id. at (¶ 13).
1118. Here, Tony and Tammy argued in the front yard; however, no act of violence occurred. Tony did admit to placing his hands near Hayden’s neck leaving a mark and spanking Kelly leaving a red mark. DHS investigated Tony at the request of Scotty several times and found the allegations to be unfounded. Additionally, Hayden’s counselor reported “[t]he yelling and name-calling,” by his stepfather had gotten better. The alleged instances of abuse do not rise to the level the statute discusses that results in serious bodily injury. Scotty failed to show by a preponderance of the evidence a pattern of family violence, or an incident of family violence that resulted in serious bodily injury.
¶ 19. Accordingly, we find that the chancellor was within his discretion. We do not find that he was manifestly wrong or clearly erroneous, and the chancellor’s findings are supported by substantial credible evidence. This issue is without merit.

*845
2. Specific Findings of Fact and Conclusions of Law

¶ 20. Scotty argues that the chancellor failed to make specific findings of fact and conclusions of law because he did not specifically mention the domestic violence and Hayden’s hair pulling condition, diagnosed as Trichotillomania. Mississippi Rule of Civil Procedure 52(a) states:
In all actions tried upon the facts without a jury the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.
¶ 21. Scotty contends that the chancellor’s bench opinion was insufficient because it failed to address these two specific areas. Scotty requested for specific findings of fact to be made and motioned for a new trial. The chancellor determined that his bench opinion contained sufficient, specific findings of fact that supported his reasoning for his decision. The chancellor denied Scotty’s request and declined to make further findings of fact or conclusions of law.
¶ 22. The supreme court has held:
Rule 41(b) provides that “[i]f the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a).” Miss. R. Civ. P. 41(b) (emphasis added) (with certain exceptions, a dismissal under Rule 41(b) operates as an adjudication on the merits). Thus, Rule 41(b) makes specific findings of fact and conclusions of law discretionary with the trial court.
Cox v. Cox, 976 So.2d 869, 880 (¶ 54) (Miss.2008). The chancellor’s bench opinion gave support for his ruling. Further, the bench opinion explained in detail how the chancellor arrived at his decision by discussing each witnesses’ credibility and what facts he determined to be truthful.
¶ 23. Although the chancellor’s bench opinion did not address Hayden’s hair pulling condition specifically, the chancellor did address Hayden’s stress and his overall well-being. The chancellor found that no material changes in circumstances had occurred and supported his decision by specific facts from the record. The chancellor did address the instances of alleged abuse and found that many of the instances alleged by Scotty were not supported by credible evidence. The chancellor stated:
There clearly has not been any showing that there’s a genuine danger to the child inside the Hutchinson household. ... I cannot find, if considering the evidence fairly, that if I were to believe everything that Hayden has said about what has happened to him in the custodial parent’s home that-even if everything he said was true, it simply is not enough to establish a showing of material change in circumstances.
¶24. We find that the chancellor did not err in denying Scotty’s request to make specific findings of fact and conclusion of law. The chancellor’s bench opinion was sufficient to explain and support his findings in the present case. This issue has no merit.
¶ 25. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.