LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On September 10, 2004, in the Harrison County Chancery Court, Luann Roberson Dawsey and Jerry M. Stennett Jr. entered into an agreed judgment of filiation, support, and visitation. In the agreed judgment,- Stennett acknowledged he was the biological father of Dawsey’s two children-Zander, who was born in 2001, and Makenna, who was born in 2003.
¶ 2. In February 2010, Stennett filed a motion to modify the agreed judgment of filiation claiming a material change in circumstances had adversely affected the two children. Stennett also filed an emergency motion for ex parte relief requesting temporary custody of the children. That same day, the chancellor granted the emergency order and awarded Stennett temporary custody of the children. Sten-nett was living in Jonesboro, Arkansas at the time. Dawsey was living in Gulfport, Mississippi. Stennett had learned Dawsey was checking herself into a rehabilitation center for three months in order to seek preventative care.
¶ 3. In June 2010, Dawsey filed a motion to set aside the emergency order. The chancellor .denied this motion and set a hearing on Stennett’s motion to modify custody. After a trial on the merits, the chancellor denied Stennett’s motion, finding Stennett had failed to show a material change in circumstances. The chancellor also ordered Stennett to pay back child support in the amount of $4,127.23.
¶ 4. Stennett now appeals asserting the chancellor erred by failing to consider the *753 totality of the circumstances in determining whether the children's best interests would be served by a change in custody. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 5. A chancellor’s, findings will not be disturbed on appeal “when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Sanderson v. Sanderson, 824 So.2d 623, 625-26 (¶ 8) (Miss.2002) (citation omitted).
DISCUSSION
¶ 6. In his only issue on appeal, Stennett argues the chancellor failed to consider the totality of the circumstances in determining whether the children’s best interests would be served by a change in custody. In a child-modification case, the non-custodial parent is required, to prove: “(1) that a substantial change in circumstances has transpired since issuance of the custody decree; (2) that this change adversely affects the child[ren]’s welfare; and (3) that the child[ren]’s best interests mandate a change of custody.” Mabus v. Mabus, 847 So.2d 815, 818 (¶8) (Miss.2003). The substantial or material change in circumstances must be considered in the totality of the circumstances. Id. “[0]nly parental behavior that poses a clear danger to the child[ren]’s mental or emotional health can justify a custody change,” Morrow v. Morrow, 591 So.2d 829, 833 (Miss.1991) (citation omitted).
¶ 7. Stennett’s main contention is he can provide a more stable environment for the children than Dawsey. Dawsey admittedly used methamphetamines on at least two occasions. Dawsey testified these experiences with illegal drugs scared her, and she voluntarily checked herself into a local rehabilitation center in early 2010 for preventative ' care. There was no testimony from Dawsey, Stennett,'Dawsey’s parents, or Dawsey’s close friends that Dawsey was an addict or chronically used illegal drugs. Stennett- admittedly had not been around Dawsey in two -years and had no proof, other than his assertions, of Dawsey’s drug habits; Dawsey testified the’occasions she tried' illegal drugs only occurred when the children - were exercising visitation with Stennett. Stennett Was unable to show the children were harmed in any way. We note that Dawsey tested negative for illegal drugs upon entering the rehabilitation center. Furthermore, Dawsey was able to earn ■ her - GED during her stay at the rehabilitation center and enrolled in a local college after • completing treatment. The chancellor determined the isolated use of illegal drugs was. not per se grounds to find an adverse impact on-the children.
¶ 8. Stennett contends Dawsey is ‘also unstable because she has lived with her parents for over six years, except for her cohabitation with a male for one month in 2004 and for a few months immediately after Hurricane Katrina when her parent’s house was damaged. Stennett also points out Dawsey has failed to maintain regular employment. However, Stennett has failed to show how this amounts to a material change in circumstances or how the children may have been adversely affected. The testimony showed the children were well adjusted and performed well in school while under Dawsey’s care. The children had been in the same school in Gulfport until Stennett took them to Arkansas. Dawsey admitted Makenna needed more help with her schoolwork than Zander, but Dawsey testified she worked with Maken-na every night on her homework.
¶ 9. The chancellor determined Stennett failed to meet his burden in proving a material change in circumstances, - much less any change that adversely-affected the *754 children’s welfare. The chancellor stated the following: “What. Stennett has shown is what this Court considers to be an isolated instance of cohabitation to which the children were exposed, two incidents of illegal drug vise, and a history of sporadic employment.” .The chancellor found this did not constitute a material change in circumstances. The chancellor .further found Stennett lacked credibility, partly due to his child-support arrearage.
¶ 10. We find the chancellor considered all the evidence presented during trial in determining no material change in circumstances had occurred. We further find substantial evidence supports the,chancellor’s decision. This issue is without merit.
¶ 11. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL* COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, 1SHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN . OPINION.,