MAXWELL, J.,
for the Court:
¶ 1. This appeal involves a child-custody dispute between the natural father and the maternal grandmother. The chancellor determined that it was in the best interest of the minor child for the grandmother to have custody. But the chancellor did not first find the natural-parent presumption had been rebutted.
¶ 2. The law presumes that it is in the best interest of the child for her natural parent to have custody. Because the chancellor never found this presumption had been rebutted, it was error to consider the father and grandmother on equal footing and a conduct a best-interest analysis. We reverse the custody award and remand for the chancellor to determine whether the natural-parent presumption has been overcome.
Background
¶ 3. This matter began as a paternity and custody dispute between Concetter Davis (Concetter) and James Wilson (Wilson). Both issues were resolved in 2008, when by agreed order Wilson was adjudged to be the natural father of Concet-ter’s minor daughter, Sha’Nyla, and Con-cetter was awarded custody, and Wilson visitation.
¶ 4. After Concetter died in July 2011, Concetter’s relatives would not return the young girl to Wilson. So Wilson filed a petition to “modify” custody based on Con-cetter’s death. Concetter’s mother, Pear-lean Davis (Davis), who had been keeping Sha’Nyla, moved to intervene. Davis requested she be appointed Sha’Nyla’s guardian or, alternatively, be awarded grandparent visitation. The chancellor permitted Davis’s intervention and tempo *1282 rarily ordered that Sha’Nyla remain in Davis’s custody until the final hearing.
¶ 5. At this hearing, the chancellor did not treat the issue as an initial custody dispute between the natural parent and grandparent. Instead, she handled the request as a general child-custody modification, based on the prior custody determination between the two natural parents. The chancellor found there had been a material change in circumstances — Concet-ter’s death. She then determined, using Albright,[1] that it was in Sha’Nyla’s best interest for custody to “remain” with Davis, despite noting Wilson’s “genuine! ] fatherly love for [his] daughter” and commending Wilson for initiating custody proceedings.
¶ 6. Wilson timely appealed.
Discussion
¶ 7. In child-custody cases, this court will only reverse the chancellor’s judgment in two circumstances — (1) her factual findings are manifestly wrong or clearly erroneous, or (2) she applied an improper legal standard. Mabus v. Mabus, 847 So.2d 815, 818 (¶ 8) (Miss.2003) (citations omitted). In this case, we face the latter circumstance. Specifically, the chancellor failed to apply the legal presumption that it was in Sha’Nyla’s best interest for her father to have custody.
¶ 8. The initial custody dispute was between the two natural parents, Concet-ter and Wilson. But the present custody battle is between the natural parent, Wilson, and Sha’Nyla’s grandmother, Davis. And in a child-custody determination between a natural parent and a third party, such as a grandparent, the law presumes that it is in the best interest of the child for the natural parent to have custody. Lucas v. Hendrix, 92 So.3d 699, 705-06 (¶ 17) (Miss.Ct.App.2012) (citing McKee v. Flynt, 630 So.2d 44, 47 (Miss.1993)). This is because “[grandparents have no legal right [to] custody of a grandchild, as against a natural parent.” Lorenz v. Strait, 987 So.2d 427, 434 (¶ 41) (Miss.2008).
¶ 9. The natural-parent presumption is rebuttable — but only “by a clear showing that (1) the parent has abandoned the child; (2) the parent has deserted the child; (3) the parent’s conduct is so immoral as to be detrimental to the child; or (4) the parent is unfit, mentally or otherwise, to have custody.” In re Smith, 97 So.3d 43, 46 (¶ 9) (Miss.2012) (citations omitted). Only after the presumption is rebutted is the grandparent on equal footing with the parent, permitting the chancellor to apply Albright to determine whether it is in the best interest of the child for the grandparent, versus the parent, to have custody. In re Dissolution of Marriage of Leverock & Hamby, 23 So.3d 424, 431 (¶ 24) (Miss.2009) (citations omitted).
¶ 10. With respect to Judge James’s conclusions and recitation of “relevant facts,” it is clear from the bench opinion that the chancellor failed to apply the correct legal standard. Instead, she treated the particular custody battle as a modification, failing to recognize that Davis, Sha’Nyla’s grandmother, had no right to custody, as against Wilson, Sha’Nyla’s natural parent. In doing so, the chancellor impermissibly permitted Davis, who had to intervene as a third party, to stand in the shoes of the deceased Concetter for the purposes of determining if custody should be modified. But once Concetter died, the issue was no longer should the custody be modified between the two parents. Cf. Martin v. Coop, 693 So.2d 912, 915-16 (Miss.1997) *1283 (“Grandparents do not stand in lieu of or in the shoes of the deceased parent.”). Rather, the law presumed custody should go to Wilson, Sha’Nyla’s sole remaining parent. To hold otherwise, the chancellor would first have to find the natural-parent presumption had been rebutted by clear evidence of Wilson’s desertion or abandonment of Sha’Nyla, immoral conduct detrimental to Sha’Nyla, or other unfitness before the chancellor could decide whether it was in Sha’Nyla’s best interest that Davis, versus Wilson, be awarded custody. See Leverock, 23 So.3d at 431 (¶ 24). And here, the chancellor made no such finding.
¶ 11. Because we find the chancellor legally erred by awarding Davis custody, we reverse the custody award and remand for a determination of whether Davis can show by clear evidence that the natural-parent presumption is rebutted. If so, then the chancellor should apply Albright to determine if it is in Sha’Nyla’s best interest to remain with her grandmother. If not, the chancellor should consider Davis’s request for grandparent visitation under Mississippi Code Annotated section 93-16-3 (Supp.2012).
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J.; JAMES, J., JOINS IN PART. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY FAIR, J.

. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).