CARLTON, J.,
specially concurring:
¶ 13. I concur with the opinion and judgment of the majority, and I respectfully submit this opinion to specially acknowledge the fundamental rights of parents to the care and custody of their children.[2]
¶ 14. The United States Supreme Court’s precedent recognizes the constitutionally protected interests of parents in their relationships with their children when facing deprivation of these cherished rights by third parties.[3] The Supreme Court jurisprudence establishes that the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects the fundamental rights of parents to make decisions concerning the care and custody of their children and protects the parents from deprivation of these rights by third parties. Troxel v. Granville, 530 U.S. 57, 66, 120 S.Ct.- 2054, 147 L.Ed.2d 49 (2000); MLB v. SLJ, 519 U.S. 102, 109, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996); see also Mabus v. Mabus, 847 So.2d 815, 819 (¶ 16) (Miss.2003) (explaining that due-process protections, as set forth in Troxel, do not apply to custody disputes between two parents).[4]
¶ 15. I therefore specially concur with the majority in its determination that grandparents possess “no legal right to custody of a grandchild, as against a natu *1284 ral parent.” Lorenz v. Strait, 987 So.2d 427, 434 (¶ 41) (Miss.2008); see also Troxel, 530 U.S. at 66, 120 S.Ct. 2054. We must be mindful of the constitutional protection of parental rights against deprivation by third parties. To rebut the natural-parent presumption, there must be clear evidence showing circumstances threatening the child’s welfare, such as unfitness, abandonment, or desertion necessitating such intervention. Miss. Code Ann. § 43-21-103 (Supp.2012).
IRVING, P.J., JOINS THIS OPINION. JAMES, J„ JOINS THIS OPINION IN PART.

. See Troxel v. Granville, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).

. See also Lorenz v. Strait, 987 So.2d 427, 434 (¶ 41) (Miss.2008); Lucas v. Hendrix, 92 So.3d 699, 705-06 (¶ 17) (Miss.Ct.App.2012).

.See also Miss Code Ann. § 43-21-103 (Supp.2012) (providing that Mississippi public policy holds parents responsible for their children's care, custody, support, and education, and providing that the State may act to remove a child when necessary for the child's welfare).